In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 15-3464

PATRICK L. GIDDEON,

*Plaintiff-Appellant,*

*v.*

EDWARD A. FLYNN, *et al.*,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:14-cv-00331-RTR — **Rudolph T. Randa**, *Judge.*

_____

SUBMITTED JUNE 15, 2016 — DECIDED JULY 28, 2016

_____

Before WOOD, *Chief Judge*, and POSNER and FLAUM, *Circuit Judges*.

POSNER, *Circuit Judge*. Patrick Giddeon sued the City of Milwaukee and several of its police officers under 42 U.S.C. § 1983, claiming that the police had violated his civil rights three times in quick succession by unlawfully stopping a car in which he was a passenger and arresting him, placing him in the back seat of their uncomfortably hot squad car while they searched the stopped car, and after they found a gun in

that car eliciting from him (while he was still in the squad car) an admission that it was indeed his gun. The district court granted summary judgment for the defendants, prompting this appeal.

A woman reported to the police that Giddeon (a former boyfriend) had attacked her in her home and threatened to shoot her. The police searched the area near the home for the culprit without success, but later they spotted a woman (who turned out to be Giddeon's sister, though the police didn't know that at the time) leaving the victim's house and entering a car in which the police could see there were five other occupants. As the car pulled away, the police followed, stopped the car, recognized Giddeon as one of the passengers, and handcuffed him and put him in the back seat of their squad car.

A car search ensued, consented to by the driver, and revealed a shopping bag that contained a gun wrapped in clothing. Giddeon, told of the discovery, admitted after a half hour that it was his gun. Prosecuted in a Wisconsin state court, he pleaded guilty to being a felon in possession of a firearm and to disorderly conduct, see Wis. Stat. §§ 941.29(2), 947.01(1), and was sentenced to five years in prison and five years of supervised release.

The defendants concede that the police lacked probable cause to stop the car containing Giddeon because the driver had not violated any traffic laws and at the time of the stop none of the car's occupants was suspected of having been involved in the domestic-violence incident that had put the police on Giddeon's trail. Police have probable cause to stop a car that they have reason to believe contains an armed criminal even if they have no reason to suspect the driver of

any legal infraction. Cf. *Atkins v. City of Chicago*, 631 F.3d 823, 826–27 (7th Cir. 2011). But the only thing the officer who stopped and searched the car knew was that a woman had left the home of the domestic-violence victim and had entered a car in which there were already other passengers.

That wasn't enough to justify the seizure of the car. Nor was there any other lawful basis for it. Granted there was some probability that the woman leaving the home was either an accomplice of the victimizer or the victim's friend who might be able to give the police valuable information, but the police had only to follow the car until it stopped and either Giddeon got out, at which point they could arrest him, or the woman got out, whom they could approach to try to obtain relevant information. The seizure in short was premature; the police had no reason to believe that the car contained an armed criminal—though it did, which is critical because the unlawful stop of the car did not make Giddeon's arrest unlawful. As the district court found, the police had probable cause to arrest him, which is all that is needed to arrest a person in a public place; a warrant is not required. *United States v. Watson*, 423 U.S. 411, 415–17 (1976); *United States v. Johnson*, 383 F.3d 538, 545 (7th Cir. 2004).

But the vehicle stop was an unreasonable seizure of his person, entitling him to damages. They may well be nominal, but he is entitled to a hearing in the district court to determine their amount.

As for the search of the car, which revealed the bag with Giddeon's gun in it, thus yielding evidence that could be and was used to convict him, the driver had consented to the search, and the consent extended to the search of the bag. *United States v. Jackson*, 598 F.3d 340, 348 (7th Cir. 2010). The

bag didn't even belong to Giddeon. The driver told the police that Giddeon's sister—another passenger in the car—had placed the bags in the trunk, and the sister in turn told the police that the gun in the bag was Giddeon's.

Giddeon complains about the discomfort he experienced from having to sit in the squad car for half an hour on a hot day (the outside temperature was almost 90°F), but there is no evidence that he was overcome by the heat or that it caused him to admit that the gun was his. One of the car doors was open during almost the entire 30 minutes, so the interior temperature was probably close to the outside temperature. 90°F is hot, but it is a common summer temperature in the midwest and is not disabling.

The judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.